MARCH 12, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JUDGE LINDBERG
MAGISTRATE JUDGE COLE

| | |
|---|---|
| **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, on behalf of themselves and all other employees similarly situated, known and unknown, | Civil Action |
| Plaintiffs, | No. |
| v. | J. N. |
| **BELLA FLOWERS & GREENHOUSE, INC.**, an Illinois corporation, **RAMON ORTIZ**, individually, and **MARIO ORTIZ**, individually, | |
| Defendants. | JURY DEMAND |

<u>**COMPLAINT**</u>

NOW COME the plaintiffs, **CARLOS MARTINEZ** ("CARLOS"), **FRANCISCA MARTINEZ** ("FRANCISCA"), **ARMANDO CELESTINO** ("ARMANDO"), **JUAN CASTILLO** ("JUAN"), and **SILVINA MARQUEZ** ("SILVINA"), on behalf of themselves and all other employees similarly situated, known and unknown, (collectively, the "Plaintiffs"), by and through their attorneys of record, complaining of the defendants, **BELLA FLOWERS & GREENHOUSE, INC.** ("BELLA FLOWERS"), an Illinois corporation, **RAMON ORTIZ** ("RAMON"), individually, and **MARIO ORTIZ** ("MARIO"), individually (collectively the "Defendants"), and pleading hypothetically and in the alternative, allege as follows:

**I.    INTRODUCTION**

1.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiffs, and to other similarly situated employees of the Defendants (the "Plaintiff Class").  The Plaintiffs and the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours as the FLSA requires.  In Count I, the Plaintiffs bring wage and hour claims pursuant to Section 216(b) of the FLSA.

2.      In Counts II and III, the Plaintiffs bring supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*  The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

3.      In Count IV, the Plaintiffs bring supplemental common law estoppel claims in which they claim the Defendants are estopped from arguing or otherwise asserting that the Plaintiffs' hourly wage rates are less than those listed on their respective check stubs.

4.      In Count V, the plaintiffs, CARLOS, and ARMANDO, bring retaliation claims pursuant to Section 215 of the FLSA; and in Count VI, all of the Plaintiffs bring retaliation claims pursuant to Section 215 of the FLSA.

5.      Finally, in Count VII, the plaintiffs, CARLOS, and ARMANDO, bring supplemental common law retaliatory discharge claims.

2

II.    **THE PARTIES**

6.    The Plaintiffs are individuals domiciled in the State of Illinois, and reside within this judicial district.

7.    The defendant, RAMON, is an individual domiciled in Illinois who, upon information and belief, resides within this judicial district

8.    The defendant, MARIO, is an individual domiciled in Illinois who, upon information and belief, resides within this judicial district.

9.    The defendant, BELLA FLOWERS, is an Illinois corporation whose registered office is located at 133 Fuller Road, Hinsdale, IL 60521.

10.    RAMON is the president of BELLA FLOWERS.

11.    Upon information and belief, at all times relevant to this action, RAMON held/holds an ownership interest in BELLA FLOWERS.

12.    Upon information and belief, at all times relevant to this action, RAMON exercised/exercises control over significant aspects of BELLA FLOWERS' day-to-day operations.

13.    MARIO is the corporate secretary of BELLA FLOWERS.

14.    Upon information and belief, at all times relevant to this action, MARIO held/holds an ownership interest in BELLA FLOWERS.

15.    Upon information and belief, at all times relevant to this action, MARIO exercised/exercises control over significant aspects of BELLA FLOWERS' day-to-day operations.

## III.  JURISDICTION AND VENUE

16.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA.

17.    Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

18.    Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

19.    Further, venue is proper pursuant to 28 U.S.C. § 1391, as the defendant corporation, BELLA FLOWERS,  is an Illinois Corporation whose registered office is located at 133 Fuller Road, Hinsdale, IL 60521, in Cook County, within this judicial district.

## IV.  STATUTORY CONSENT

20.    The Plaintiffs bring this case as a collective action under the FLSA on behalf of themselves and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiffs have given written consent to bring such an action.

21.    The Plaintiffs' Notices of Consent are incorporated herein by reference and attached hereto as **Exhibit A**.

## V.  GENERAL ALLEGATIONS

22.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiffs' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee

plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

23.     At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiffs' "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

24.     At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, operated, controlled, and/or constituted an enterprise within the meaning of Section 3(r) of the FLSA (the "Enterprise"), which Enterprise ran or controlled at least two establishments within this judicial district, to wit:

   a.  Bella Flowers & Greenhouse, 7117 S. Roberts Road, Bridgeview, IL 60455; and

   b.  Bella Flowers Greenhouses & Garden Center, 24324 W. Bluff Road, Channahon, IL 60410.

25.     The Enterprise may operate, and may have operated, additional establishments in this judicial district.

26.     One or more of the Defendants continue to operate the Enterprise to this day.

27.     The Plaintiffs and the Plaintiff Class were routinely traded amongst the several establishments controlled by and/or constituting said enterprise, including those establishments at the locations listed above, indicating common control of the several establishments.

28.     At all times relevant to this action, the Plaintiffs and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

29.     At all times relevant to this action, the Plaintiffs were "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

30.     During the course of their employment by the Defendants, the Plaintiffs handled goods, including chemical fertilizers, pesticides and other products that moved in interstate commerce.

31.     At all times relevant to this action, the Defendants, and/or an enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

32.     During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the FLSA.

33.     During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the IMWL.

34.     During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were paid wages at a various hourly rates for a certain number of hours each week; however, the Defendants directed the Plaintiffs and the Plaintiff Class to work, and the Plaintiffs and the Plaintiff Class did so work, double the number of hours that were recorded and double the number of hours for which they were paid.

35.    For example, the Plaintiffs and the Plaintiff Class might *actually* work 70 hours in a given week but in that given week their respective check stubs would *indicate* that they only worked 35 hours.

36.    Thus as described above, as a matter of practice and policy, the Defendants intentionally failed to pay the Plaintiffs and the Plaintiff Class for approximately half of the hours they actually worked.

37.    The scheme described above is elaborate and complex, and could not be the result of error or inadvertence.

38.    The scheme described above was utilized by the Defendants in order to circumvent the provisions of the FLSA – specifically in order to avoid paying overtime compensation.

39.    The Defendants utilized the scheme described above continuously going back at least as far as March, 2001, indicating that the scheme was organized, intentional and ongoing.

40.    On or about October 5, 2007, the plaintiffs, CARLOS, and ARMANDO, complained to RAMON and MARIO, as well as to other agents of the Defendants, that they and the Plaintiff Class were working overtime hours for which they were not being paid overtime wages in violation of the FLSA.

41.    The Defendants fired CARLOS within several days after he made the complaints described above.

42.    The Defendants fired ARMANDO within several days after he made the complaints described above.

43.    The Plaintiffs and the Plaintiff Class work at the lowest stratum of the economy as unskilled workers and as a result of the Defendants' actions described above they were/are subject to severe economic duress.

## COUNT I
### (Violation of the FLSA – All Plaintiffs)

44.    The Plaintiffs hereby re-allege the foregoing allegations.

45.    The Defendants violated the FLSA by:

   a. failing to pay the Plaintiffs and the Plaintiff Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

   b. failing to pay the Plaintiffs and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

46.    The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, on behalf of themselves and all other employees similarly situated, known and unknown, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

   A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the FLSA's mandatory minimum rate;

   B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any

given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than the hourly rates listed on their respective pay stubs);

C. statutory liquidated damages as allowed by the FLSA;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection;

F. an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from March 12, 2005 through the present;

G. an order authorizing the Plaintiffs to provide notice of this action to the Plaintiff Class in a form substantially similar to that which is attached hereto as **Exhibit B**;

H. an order authorizing the Plaintiffs to mail "opt-in" consent forms to the Plaintiff Class in a form substantially similar to that which is attached hereto as **Exhibit C**; and

I. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL – All Plaintiffs)

47.    The Plaintiffs hereby re-allege the foregoing allegations.

48.    The Defendants violated the IMWL by:

a. failing to pay the plaintiffs for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate; and

b. failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed.

49.    The Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

9

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the IMWL's mandatory minimum rate;

B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than the hourly rates listed on their respective pay stubs);

C. statutory punitive damages as allowed by the IMWL;

D. interest on all amounts awarded;

E. reasonable attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT III
### (IWPCA and AFWAA claims – All Plaintiffs)

50.     The Plaintiffs hereby re-allege the foregoing allegations.

51.     The Defendants entered into agreements with each of the Plaintiffs to pay them wages at the hourly rates listed on the Plaintiffs' respective pay stubs.

52.     The Defendants violated the IWPCA by:

a. failing to pay the plaintiffs for certain hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

b.   failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to one and one-half times the regular rate listed on the plaintiffs' check stubs;

c.   failing to pay the plaintiffs certain wages either weekly or biweekly; and/or

d.   failing to pay the plaintiffs certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

A.   damages in an amount equal to the unpaid wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the rate agreed upon by the parties (in no case less than the rates listed on the plaintiffs' respective pay stubs);

B.   damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than the rates listed on the plaintiffs' respective pay stubs);

C.   interest on all amounts awarded;

D.   reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E.   such further relief as may be fair and just in the premises.

## COUNT IV
### (Promissory Estoppel – All Plaintiffs)

53.    The Plaintiffs hereby re-allege the foregoing allegations.

54.    The Defendants intentionally listed certain hourly wage rates on each of the Plaintiffs' check stubs as part of the scheme to avoid paying overtime compensation described above.

55.    The Defendants' intentional listing of certain hourly wage rates on the Plaintiffs' pay stubs constituted a promise to pay them wages at the listed hourly rates.

56.    The Plaintiffs undertook the efforts, tasks and other responsibilities necessary to complete their job duties in a fashion commensurate with the Defendants' requirements and standards in reliance upon the Defendants' promise that they would be paid wages at the listed hourly rates.

57.    The Defendants' intentionally failed to pay the Plaintiffs at the listed hourly rates.

58.    As a direct and proximate result of the Defendants' intentional actions, the Plaintiffs were damaged in that they were and are deprived of proper overtime compensation (and were and are deprived of even minimum wage for certain hours), to which they are entitled under the FLSA and other law.

59.    As a result of the Defendant's promise and the Plaintiffs' reliance thereon, the Defendants are now estopped from arguing or otherwise asserting that the Plaintiffs' hourly wage rates were less than those listed on their respective check stubs.

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, on behalf of

themselves and all other employees similarly situated, known and unknown, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

A. a decree that the defendants are estopped from arguing or otherwise asserting that the plaintiffs' hourly wage rates were less than the rates listed on their respective pay stubs;

B. such further relief as may be fair and just in the premises.

## COUNT V
### (Retaliation in Violation of the FLSA – CARLOS & ARMANDO)

60.    The plaintiffs, CARLOS, and ARMANDO, hereby re-allege the foregoing allegations.

61.    The Defendants had no legitimate or lawful reason to fire CARLOS, and fired him in retaliation for making the complaints described above.

62.    The Defendants had no legitimate or lawful reason to fire ARMANDO, and fired him in retaliation for making the complaints described above.

63.    CARLOS and ARMANDO's complaints, described above, constituted protected activity under Section 215(a)(3) of the FLSA.

64.    The Defendants violated the FLSA by firing CARLOS and ARMANDO in retaliation for their having made the complaints described above.

65.    CARLOS and ARMANDO were damaged as a direct and proximate result of the Defendants' actions in that they suffered and continue to suffer pecuniary loss, severe emotional trauma and humiliation, and are subject to ongoing economic duress.

WHEREFORE the plaintiffs, **CARLOS MARTINEZ**, and **ARMANDO CELESTINO**, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

A. such injunctive and equitable relief as will make CARLOS and ARMANDO whole, including but not limited to reinstatement, backpay, frontpay in lieu of reinstatement, and compensation for future lost earnings capacity;

B. such further injunctive and equitable relief as may be necessary to prevent future violations of the FLSA;

C. compensatory and punitive damages;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

### COUNT VI
### (Retaliation in Violation of the FLSA – All Plaintiffs)

66. The Plaintiffs hereby re-allege the foregoing allegations

67. When CARLOS and ARMANDO complained to the Defendants, as described above, they were acting as emissaries of the remaining Plaintiffs and the Plaintiff Class.

68. When CARLOS and ARMANDO complained to the Defendants on behalf of themselves and the Plaintiff Class, the Defendants, rather than mending their ways and ceasing their ongoing violation of the FLSA, fired CARLOS and ARMANDO, and continued (and continue) to engage in the scheme described above in order to avoid paying overtime compensation to the remaining Plaintiffs and the Plaintiff Class.

69.    The Defendants fired CARLOS and ARMANDO in order to, among other things, send a message to the remaining Plaintiffs and the Plaintiff Class that they would be penalized if they continued their attempts to assert their rights under the FLSA.

70.    The Plaintiffs and the Plaintiff Class were adversely affected as the direct and proximate result of the Defendants' actions in that their efforts to ameliorate the wage and hour violations to which they are subject were silenced; and as a result, the remaining Plaintiffs and the Plaintiff Class continue to be subject to the same, ongoing violations to this day.

71.    The Plaintiffs and the Plaintiff Class were further damaged in that they suffered and continue to suffer pecuniary loss, severe emotional trauma and humiliation, and are subject to ongoing economic duress.

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

A.  such injunctive and equitable relief as will make the plaintiffs whole, including but not limited to reinstatement, backpay, frontpay in lieu of reinstatement, and compensation for future lost earnings capacity;

B.  an injunction prohibiting the defendants from taking any actions during the pendency of this action that would adversely affect the currently employed plaintiffs with regard to their employment by the defendants;

C.  such further injunctive and equitable relief as may be necessary to prevent future violations of the FLSA;

D.  compensatory and punitive damages;

E.  attorneys' fees, together with costs of suit and collection; and

F.  such further relief as may be fair and just in the premises.

## COUNT VII
### (Retaliatory Discharge – Common Law – CARLOS and ARMANDO)

72.     The plaintiffs, CARLOS, and ARMANDO, hereby re-allege the foregoing allegations.

73.     When CARLOS and ARMANDO complained about the Defendants' violations of the FLSA and the IMWL, as described above, they were acting as "whistleblowers."

74.     The Defendants had no legitimate or lawful reason to fire CARLOS, or to fire ARMANDO, and fired them in retaliation for making the complaints described above

75.     By firing CARLOS and ARMANDO in retaliation for making the complaints described above, the Defendants violated a clear mandate of public policy in that their actions were designed to intimidate the Plaintiffs and the Plaintiff Class, and were an attempt to coercively prevent them from seeking relief through outside channels such as through the Department of Labor, or by this lawsuit.

76.     CARLOS and ARMANDO were damaged as a direct and proximate result of the Defendants' actions in that they suffered and continue to suffer, pecuniary loss, severe emotional trauma and humiliation.

WHEREFORE the plaintiffs, CARLOS MARTINEZ, and ARMANDO CELESTINO, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

16

A. compensatory and punitive damages;

B. such injunctive and equitable relief as will make CARLOS and ARMANDO whole, including but not limited to reinstatement, backpay, frontpay in lieu of reinstatement, and compensation for future lost earnings capacity;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises.

### JURY DEMAND

NOW COME the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, on behalf of themselves and all other employees similarly situated, known and unknown, by and through their attorneys of record, and hereby demand trial by jury of all issues set forth in Counts I, II, III, V, VI and VII herein.

Respectfully submitted,

/s/ Paul Luka
PAUL LUKA – ARDC #6288860

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against BELLA FLOWERS AND GREENHOUSE, INC., and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.


*Carlos Martinez*
Carlos Martinez

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue HER claims for unpaid wages, and other relief, against BELLA FLOWERS & GREENHOUSE, INC. _____, and anyone else who may have employed her in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of HERSELF _____ and all other similarly situated employees, known and unknown.

X Francisca Martinez

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against BELLA FLOWERS AND GREENHOUSE. INC., and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.


_____
Armando Celestino

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against BELLA FLOWERS AND GREENHOUSE, INC., and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.


Juan Castillo

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue _Her_ claims for unpaid wages, and other relief, against _Bella Flowers and Greenhouse et al_ _____, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of _HERSELF_ and all other similarly situated employees, known and unknown.

X _____

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **SILVINA MARQUEZ**, on behalf of themselves and all other employees similarly situated, known and unknown, | |
| Plaintiffs, | |
| v. | No. |
| **BELLA FLOWERS & GREENHOUSE, INC.**, an Illinois corporation, **RAMON ORTIZ**, individually, and **MARIO ORTIZ**, individually, | |
| Defendants. | |

**NOTICE OF A LAWSUIT CLAIMING OVERTIME**
**WAGES UNDER THE FAIR LABOR STANDARDS ACT**

**TO:**   **Persons who have been employed as hourly employees by one of the defendants at any time between March 12, 2005 and the present, and who believe they were not compensated at a rate of one and one-half times their regular rate for any hours they worked in excess of forty (40) in a workweek.**

## I.   INTRODUCTION

The purpose of this Notice is to: (1) advise you that a lawsuit has been filed against BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ, and MARIO ORTIZ ("Defendants"); (2) advise you of your right to join this lawsuit; and (3) instruct you on the procedure for joining this lawsuit if you choose to do so.  Nothing in this Notice should be viewed as an admission of wrongdoing.

## II.   DESCRIPTION OF THE LAWSUIT

The plaintiffs, CARLOS MARTINEZ, FRANCISCA MARTINEZ, ARMANDO CELESTINO, JUAN CASTILLO, and SILVINA MARQUEZ ("Plaintiffs"), have brought this lawsuit against the Defendants, claiming that he and other similarly situated individuals worked in excess of forty (40) hours for the Defendants and did not receive one and one-half times their regular hourly rate of pay for those hours over forty (40).  The Defendants deny the Plaintiffs' claims.

1

The Federal Fair Labor Standards Act generally requires that employees be paid overtime pay at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in any one work week. The Plaintiffs seek to recover overtime pay for the three (3) years prior to the filing of this lawsuit. The Plaintiffs also seeks an additional equal amount as liquidated damages and attorneys' fees and costs.

The Plaintiffs believe that his claims against the Defendants have merit. The Defendants deny that they violated the law. There has been no determination by any Court as to the truth of the factual and legal allegations made against the Defendants.

## III.    WHO MAY JOIN THIS LAWSUIT

If you are currently employed by one of the Defendants as an hourly employee or, if at any time since March 12, 2005, you have been employed by one of the Defendants as an hourly employee and believe that you did not receive overtime pay for hours you worked for Defendants in excess of forty (40) hours in a workweek as described above, you have a right to join this lawsuit as a party plaintiff. It is entirely your decision whether or not to join this lawsuit. You are not required to join this case or take any action unless you want to. It is completely voluntary. If you have not worked more than forty (40) hours in any week or if you simply do not desire to join this lawsuit for any reason, you need not complete any form or do anything at all. The Court has decided that the information you have received in this Notice is sufficient for you to make a decision as to whether you wish to join the case. Neither the Defendants nor the attorney now representing the Plaintiffs will be able to give you additional information regarding your decision to join the case.

## IV.    HOW TO JOIN THIS LAWSUIT

If you have been employed by one of the Defendants as an hourly employee at any time between **March 12, 2005, and the present**, and believe that you have not received overtime compensation at a rate of one and one-half times your regular rate for hours worked in excess of forty (40) in a workweek, you may join this suit (that is, you may "opt in" to the lawsuit) by:

a.    completing the enclosed Notice of Consent to Become a Party Plaintiff form *(the yellow form enclosed)*;

**AND**

b.    mailing the completed Notice of Consent to the Plaintiff's counsel at the following address:

**BELLA FLOWERS Consent Form**
**c/o Amatore & Associates**
**120 S. State Street/Suite 400**
**Chicago, Illinois 60603**

**DEADLINE:** In order for you to participate as a Plaintiff in this case, the fully completed Notice of Consent must be received by Plaintiff's Counsel and filed with the Clerk of the Court no later than **[TO BE DETERMINED]**.

2

**Any delay in such delivery, or any failure to deliver the Consent form, will be your responsibility, and you would not become a plaintiff in this case.**

If you send a Consent form, your continued right to participate in this suit may depend upon a later decision by the District Court that you are a proper plaintiff in accordance with federal law.

## V.    EFFECT OF JOINING OR NOT JOINING THIS SUIT

If you join this lawsuit by filing your Consent, you will be bound by any judgment the Court makes on the issues involved, whether it is favorable or unfavorable to you.

If you choose not to join this lawsuit, you will not be affected by any judgment made by the Court in this case or any action taken by the parties in this case.  If you choose not to join in this lawsuit, you are free to file your own lawsuit or do nothing.

## VI.    NO RETALIATION AGAINST YOU IS PERMITTED

If you presently work for any of the Defendants, Federal law prohibits Defendants from retaliating against you by discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

## VII.    YOUR LEGAL REPRESENTATION IF YOU JOIN

The Plaintiffs' attorneys, Amatore & Associates, P.C. (120 S. State Street, Suite 400, Chicago, IL. 60603), will represent you should you elect to join this suit as a plaintiff, unless you otherwise decide to select someone else to represent you.  Your attorneys are entitled to receive payment of attorneys' fees and costs from the Defendants if Plaintiffs are successful in this lawsuit.

## VIII.    FURTHER INFORMATION

Further information about this suit may be obtained by reviewing the court file at 219 S. Dearborn Street, Chicago, Illinois, United States District Court Clerk's Office, 20th Floor.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES.  PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

3

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CARLOS MARTINEZ, FRANCISCA MARTINEZ, ARMANDO CELESTINO, JUAN CASTILLO,** and **SILVINA MARQUEZ,** on behalf of themselves and all other employees similarly situated, known and unknown, | |
| Plaintiffs, | |
| v. | No. |
| **BELLA FLOWERS & GREENHOUSE, INC.,** an Illinois corporation**, RAMON ORTIZ,** individually, and **MARIO ORTIZ,** individually, | |
| Defendants. | |

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A LAWSUIT TO
RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**
*(This form must be completed in ink, not pencil)*

This Document is to be sent to:     **BELLA FLOWERS Consent Form
c/o Amatore & Associates
120 S. State Street/Suite 400
Chicago, Illinois 60603**

    I hereby consent to become a plaintiff in the above captioned case filed against the named defendants, BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ, and MARIO ORTIZ ("Defendants"), under the Fair Labor Standards Act. I attest that I either am now or, have been at some time since March 12, 2005, an hourly employee for one of the Defendants.

My name is: _____
*Please Print Name*

My address is: _____
*Street Address*

_____
*City, State, Zip Code*

My telephone number is: _____
*Home*

Dates Employed:     Start: _____     End: _____

_____

1

Location(s) Employed: _____

_____

My Signature: _____

*Please Sign name*

Date on which I signed
this Notice: _____

*Today's Date*

2