**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARLOS MARTINEZ, FRANCISCA MARTINEZ, ARMANDO CELESTINO, JUAN CASTILLO, and SILVINA MARQUEZ, on behalf of themselves and all other employees similarly situated, known and unknown, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 08 C 1493 |
| BELLA FLOWERS & GREENHOUSE, INC., an Illinois corporation, RAMON ORTIZ, individually, and MARIO ORTIZ, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER TO COUNTS I THROUGH V OF COMPLAINT

Defendants Bella Flowers & Greenhouse, Inc. (*hereinafter,* "Bella"), Ramon Ortiz  and

Mario Ortiz, by and through their attorneys, Schoenberg, Finkel, Newman & Rosenberg, LLC, as

their Answer to Counts I through V of Complaint, allege and state as follows:

1.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et*

*seq.,* as a result of the Defendants' failure to pay overtime compensation to the Plaintiffs, and to

other similarly situated employees of the Defendants (the "Plaintiff Class").  The Plaintiffs and the

Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the

Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours

as the FLSA requires.  In Count I, the Plaintiffs bring wage and hour claims pursuant to Section

216(b) of the FLSA.

**ANSWER:**

Defendants admit that Plaintiffs purport to raise claims under the FLSA, that Defendants do not pay overtime compensation to the Plaintiffs and similarly situated employees when they work more than 40 hours in a work week, and that Plaintiffs and similarly situated employees work in excess of 40 hours per week. Defendants deny that they are required under the FLSA to pay overtime compensation to Plaintiffs and similarly situated employees and they deny that they have violated the FLSA.

2.      In Counts II and III, the Plaintiffs bring supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.,* and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq.* The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

**ANSWER:**

Defendants admit that Plaintiffs purport to raise claims pursuant to the IMWL, the IWPCA, and the AFWAA, but deny that they have violated these statutes. Additionally, Defendants deny that the rights and remedies of the IMWL, the IWPCA, and the AFWAA are similar to and analogous to those provided by the FLSA.

3.      In Count IV, the Plaintiffs bring supplemental common law estoppel claims in which they claim the Defendants are estopped from arguing or otherwise asserting that the Plaintiffs' hourly wage rates are less than those listed on their respective check stubs.

2

**ANSWER:**

Defendants admit that Plaintiffs purport to raise a claim of common law estoppel, but deny that said claim is meritorious or that they have violated any common law.

4.    In Count V, the plaintiffs, CARLOS, and ARMANDO, bring retaliation claims pursuant to Section 215 of the FLSA; and in Count VI, all of the Plaintiffs bring retaliation claims pursuant to Section 215 of the FLSA.

**ANSWER:**

Defendants admit that Plaintiffs purport to raise FLSA retaliation claims in Count V and Counts VI of their Complaint, but deny that they have violated Section 215 of the FLSA.

5.    Finally, in Count VII, the plaintiffs, CARLOS, and ARMANDO, bring supplemental common law retaliatory discharge claims.

**ANSWER:**

Defendants admit that Plaintiffs purport to raise a retaliatory discharge claim in Count VII of their Complaint, but deny that said claim is meritorious or that they have violated any common law.

6.    The Plaintiffs are individuals domiciled in the State of Illinois, and reside within this judicial district.

**ANSWER:**

Upon information and belief, Defendants admit the allegations of Paragraph 6.

3

7.      The defendant, RAMON, is an individual domiciled in Illinois who, upon information and belief, resides within this judicial district.

**ANSWER:**

Defendants admit the allegations of Paragraph 7.

8.      The defendant, MARIO, is an individual domiciled in Illinois who, upon information and belief, resides within this judicial district.

**ANSWER:**

Defendants admit the allegations of Paragraph 8.

9.      The defendant, BELLA FLOWERS, is an Illinois corporation whose registered office is located at 133 Fuller Road, Hinsdale, IL 60521.

**ANSWER:**

Defendants admit that Bella is an Illinois corporation, but deny that its "registered office" is located in Hinsdale, Illinois.  Answering further, Defendants admit that the office of Bella's registered agent is located in Hinsdale, Illinois and that the primary place of business of Bella is located in Bridgeview, Illinois.

10.     RAMON is the president of BELLA FLOWERS.

**ANSWER:**

Defendants admit the allegations of Paragraph 10.

4

11.    Upon information and belief, at all times relevant to this action, RAMON held/holds an ownership interest in BELLA FLOWERS.

**<u>ANSWER:</u>**

Defendants admit the allegations of Paragraph 11.

12.    Upon information and belief, at all times relevant to this action, RAMON exercised/exercises control over significant aspects of BELLA FLOWERS' day-to-day operations.

**<u>ANSWER:</u>**

Defendants admit the allegations of Paragraph 12.

13.    MARIO is the corporate secretary of BELLA FLOWERS.

**<u>ANSWER:</u>**

Defendants admit the allegations of Paragraph 13.

14.    Upon information and belief, at all times relevant to this action, MARIO held/holds an ownership interest in BELLA FLOWERS.

**<u>ANSWER:</u>**

Defendants admit the allegations of Paragraph 14.

15.    Upon information and belief, at all times relevant to this action, MARIO exercised/exercises control over significant aspects of BELLA FLOWERS' day-to-day operations.

5

**ANSWER:**

Defendants admit the allegations of Paragraph 15.

16.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA.

**ANSWER:**

Defendants admit that Section 16(b) of the FLSA confers federal question jurisdiction for claims asserted pursuant to the FLSA.

17.    Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. §1367(a).

**ANSWER:**

Defendants admit that the Court has supplemental jurisdiction over the Illinois statutory claims asserted by Plaintiffs.

18.    Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

**ANSWER:**

Defendants admit that venue is proper over the claims raised by Plaintiffs.

19.    Further, venue is proper pursuant to 28 U.S.C. §1391, as the defendant corporation, BELLA FLOWERS, is an Illinois Corporation whose registered office is located at 133 Fuller Road, Hinsdale, IL 60521, in Cook County, within this judicial district.

**ANSWER:**

Defendants admit that venue is proper because Bella is an Illinois corporation which has its primary business operations within this judicial district, but deny that its "registered office" is located in Hinsdale, Illinois. Defendants admit that the office of Bella's registered agent is located in Hinsdale, Illinois and that the primary place of business of Bella is located in Bridgeview, Illinois.

20.    The Plaintiffs bring this case as a collective action under the FLSA on behalf of themselves and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiffs have given written consent to bring such an action.

**ANSWER:**

Defendants admit that the Named Plaintiffs purport to bring this action as a collective action in accordance with Section 16(b) of the FLSA. Defendants are without knowledge or information sufficient to form a belief that Plaintiffs have given written consent to bring this action.

21.    The Plaintiffs' Notice of Consent are incorporated herein by reference and attached hereto as **Exhibit A**.

**ANSWER:**

Defendants admit that documents entitled "Notice of Consent" are attached as Exhibit A, but otherwise are without knowledge or information sufficient to form a belief that Plaintiffs have given written consent to bring this action.

22.    At all times relevant to this action, the Defendants, and each of them, severally or in

one or more combinations, were the Plaintiffs' "employer", within the meaning of Section 3(a) and

(d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the

interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore

jointly and severally liable for the unpaid wages and other relief sought herein.

**ANSWER:**

Defendants admit that they are "Employers" within the meaning of the FLSA, but deny that

they are liable -- jointly and severally or otherwise -- for any relief sought by Plaintiffs.


23.     At all times relevant to this action, the Defendants, and each of them, severally or in

one or more combinations, were the Plaintiffs' "employer", within the meaning of Section 3(c) of

the IMWL in that the Defendants, and each of them, were acting directly or indirectly in the interest

of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly

and severally liable for the unpaid wages and other relief sought herein.

**ANSWER:**

Defendants admit that they are "Employers" within the meaning of the IMWL, but deny that

they are liable -- jointly and severally or otherwise -- for any relief sought by Plaintiffs.


24.     At all times relevant to this action, the Defendants and each of them, severally or in

one or more combinations, operated, controlled, and/or constituted an enterprise within the meaning

of Section 3(r) of the FLSA (the "Enterprise"), which Enterprise ran or controlled at least two

establishments within the judicial district, to wit:

a.     Bella Flowers & Greenhouse, 7117 S Roberts Road, Bridgeview, IL 60455;

and

b.    Bella Flowers Greenhouse & Garden Center, 24324 W. Bluff Road, Channahon, IL 60410.

**ANSWER:**

Defendants admit only that Defendants Ramon Ortiz and Mario Ortiz are owners of Bella and that Bella runs and controls the establishments listed above in Paragraph 24.

25.    The Enterprise may operate, and may have operated, additional establishments in this judicial district.

**ANSWER:**

Defendants deny that they own or operate any additional establishments aside from those listed in Paragraph 24.

26.    One or more of the Defendants continue to operate the Enterprise to this day.

**ANSWER:**

Defendants admit the allegations of Paragraph 26.

27.    The Plaintiffs and the Plaintiff Class were routinely traded amongst the several establishments controlled by and/or constituting said enterprise, including those establishments at the locations listed above, indicating common control of the several establishments.

**ANSWER:**

Defendants admit only that Plaintiffs and other similarly situated employees worked at the

Bridgeview and Channahon facilities, and that said facilities have common control, and deny the remainder of Paragraph 27.


28.     At all times relevant to this action, the Plaintiffs and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

**ANSWER:**

Defendants admit the allegations of Paragraph 28.


29.     At all times relevant to this action, the Plaintiffs were "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

**ANSWER:**

Defendants admit the allegations of Paragraph 29.


30.     During the course of their employment by the Defendants, the Plaintiffs handled goods, including chemical fertilizers, pesticides and other products that moved in interstate commerce.

**ANSWER:**

Defendants admit the allegations of Paragraph 30.


31.     At all times relevant to this action, the Defendants, and/or an enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

**ANSWER:**

Defendants admit the allegations of Paragraph 31.

32.    During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provision of the FLSA.

**ANSWER:**

Defendants only admit that they employed Plaintiffs and similarly situated employees and otherwise deny the allegations of Paragraph 32.

33.    During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the IMWL.

**ANSWER:**

Defendants only admit that they employed Plaintiffs and similarly situated employees and otherwise deny the allegations of Paragraph 33.

34.    During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were paid wages at a various hourly rates for a certain number of hours each week; however, the Defendants directed the Plaintiffs and the Plaintiff Class to work, and the Plaintiffs and the Plaintiffs Class did so work, double the number of hours that were recorded and double the number of hours for which they were paid.

11

**ANSWER:**

Defendants admit only that Plaintiffs and similarly situated employees were paid wages for the hours that they worked each week, and otherwise deny the allegations of Paragraph 34.

35.     For example, the Plaintiffs and the Plaintiff Class might *actually* work 70 hours in a given week but in that given week their respective check stubs would *indicate* that they only worked 35 hours.

**ANSWER:**

Defendants admit only that the check stubs attached to the paychecks issued to the Plaintiffs and similarly situated employees reflect one-half of the hours worked by Plaintiffs and similarly situated employees for the pay period covered by that paycheck, but Defendants deny that Plaintiffs and similarly situated employees were in fact not properly compensated for the hours that Plaintiffs worked.  Answering further, because the computer program utilized by Defendants to prepare paychecks would otherwise have automatically computed overtime to which Plaintiffs and similarly situated employees were not entitled (because they were exempt employees), every paycheck issued to Plaintiffs and similarly situated employees reflects half the number of hours worked and double the applicable rate of pay.  In this way, Defendants were able to correctly compensate Plaintiffs and similarly situated employees for their hours of work.

36.     Thus as described above, as a matter of practice and policy, the Defendants intentionally failed to pay the Plaintiffs and the Plaintiff Class for approximately half of the hours they actually worked.

**ANSWER:**

Defendants deny the allegations of Paragraph 36 and incorporate herein their answer to Paragraph 35.


37.     The scheme described above is elaborate and complex, and could not be the result of error or inadvertence.

**ANSWER:**

Defendants admit that the preparation of check stubs that reflect one-half of the total hours worked was not the result of inadvertence, but they deny that said preparation was not the result of error and further deny that said preparation constitutes some sort of "scheme." Defendants additionally incorporate their answer to Paragraph 35.


38.     The scheme described above was utilized by the Defendants in order to circumvent the provisions of the FLSA - specifically in order to avoid paying overtime compensation.

**ANSWER:**

Defendants deny the allegations of Paragraph 38 and further deny that said preparation constitutes some sort of "scheme." Defendants additionally incorporate their answer to Paragraph 35.


39.     The Defendants utilized the scheme described above continuously going back at least as far as March, 2001, indicating that the scheme was organized, intentional and ongoing.

**ANSWER:**

Defendants deny that the preparation of check stubs in this manner commenced in March, 2001 or earlier or that said preparation constitutes any type of "scheme." Defendants additionally incorporate their answer to Paragraph 35.

40.    On or about October 5, 2007, the plaintiffs, CARLOS, and ARMANDO, complained to RAMON and MARIO, as well as to other agents of the Defendants, that they and the Plaintiff Class were working overtime hours for which they were not being paid overtime wages in violation of the FLSA.

**ANSWER:**

Defendants deny the allegations of Paragraph 40.

41.    The Defendants fired CARLOS within several days after he made the complaints described above.

**ANSWER:**

Defendants deny the allegations of Paragraph 41.

42.    The Defendants fired ARMANDO within several days after he made the complaints described above.

**ANSWER:**

Defendants deny the allegations of Paragraph 42.

43.    The Plaintiffs and the Plaintiff Class work at the lowest stratum of the economy as unskilled workers and as a result of the Defendants' action described above they were/are subject to severe economic duress.

**ANSWER:**

Defendants deny the allegations of Paragraph 43.

## COUNT I
### (Violation of the FLSA - All Plaintiffs)

44.    The Plaintiffs hereby re-allege the foregoing allegations.

**ANSWER:**

Defendants hereby restate and incorporate by reference their answers to Paragraphs 1 through 43.

45.    The Defendants violated the FLSA by:

    a.    failing to pay the Plaintiffs and the Plaintiff Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

    b.    failing to pay the Plaintiffs and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

**ANSWER:**

Defendants deny the allegations of Paragraph 45.

46.    The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its

15

provisions.

**ANSWER:**

Defendants deny the allegations of Paragraph 46.

WHEREFORE, Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz and Mario Ortiz

pray that this Court find in their favor and against Plaintiffs on Count I and award Defendants their

costs, and that it take such further action relief as this Court deems just and appropriate.

### COUNT II
### (Violation of the IMWL - All Plaintiffs)

47.    The Plaintiffs hereby re-allege the foregoing allegations.

**ANSWER:**

Defendants hereby restate and incorporate by reference their answers to Paragraphs 1 through

46.

48.    The Defendants violated the IMWL by:

    a.    failing to pay the plaintiffs for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate; and

    b.    failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed.

**ANSWER:**

Defendants deny the allegations of Paragraph 48.

49.    The Defendants willfully violated the IMWL in that they were aware or should have

been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its

provisions.

**ANSWER:**

Defendants deny the allegations of Paragraph 49.

WHEREFORE, Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz and Mario Ortiz

pray that this Court find in their favor and against Plaintiffs on Count II and award Defendants their

costs, and that it take such further action relief as this Court deems just and appropriate.

**COUNT III**
**(IWPCA and AFWAA claims - All Plaintiffs)**

50.    The Plaintiffs hereby re-allege the foregoing allegations.

**ANSWER:**

Defendants restate and incorporate by reference their answers to Paragraphs 1 through 49.

51.    The Defendants entered into agreements with each of the Plaintiffs to pay them wages

at the hourly rates listed on the Plaintiffs' respective pay stubs.

**ANSWER:**

Defendants deny the allegations of Paragraph 51.

52.    The Defendants violated the IWPCA by:

    a.    failing to pay the plaintiffs for certain hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

    b.    failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to one and one-half times the regular rate listed on the plaintiffs' check stubs.

    c.    failing to pay the plaintiffs certain wages either weekly or biweekly; and/or

    d.    failing to pay the plaintiffs certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

**ANSWER:**

Defendants deny the allegations of Paragraph 52.

WHEREFORE, Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz and Mario Ortiz pray that this Court find in their favor and against Plaintiffs on Count III and award Defendants their costs, and that it take such further action relief as this Court deems just and appropriate.

## COUNT IV
### (Promissory Estoppel - All Plaintiffs)

53.     The Plaintiffs hereby re-allege the foregoing allegations.

**ANSWER:**

Defendants hereby restate and incorporate their answers to Paragraphs 1 through 52.

54.     The Defendants intentionally listed certain hourly wage rates on each of the Plaintiffs' check stubs as part of the scheme to avoid paying overtime compensation described above.

**ANSWER:**

Defendants deny the allegations of Paragraph 54 and deny that they engaged in any type of "scheme."

55.     The Defendants' intentional listing of certain hourly wage rates on the Plaintiffs' pay stub constituted a promise to pay them wages at the listed hourly rates.

**ANSWER:**

Defendants deny the allegations of Paragraph 55.

18

56.    The Plaintiffs undertook the efforts, tasks and other responsibilities necessary to complete their job duties in a fashion commensurate with the Defendants' requirements and standards in reliance upon the Defendants' promise that they would be paid wages at the listed hourly rates.

**ANSWER:**

Defendants deny the allegations of Paragraph 56.

57.    The Defendants' (sic) intentionally failed to pay the Plaintiffs at the listed hourly rates.

**ANSWER:**

Defendants deny the allegations of Paragraph 57.

58.    As a direct and proximate result of the Defendants' intentional actions, the Plaintiffs were damaged in that they were and are deprived of proper overtime compensation (and were and are deprived of even minimum wage for certain hours), to which they are entitled under the FLSA and other law.

**ANSWER:**

Defendants deny the allegations of Paragraph 58.

59.    As a result of the Defendant's promise and the Plaintiffs' reliance thereon, the Defendants are now estopped from arguing or otherwise asserting that the Plaintiffs' hourly wage rates were less than those listed on their respective check stubs.

19

**ANSWER:**

Defendants deny the allegations of Paragraph 59.

WHEREFORE, Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz and Mario Ortiz

pray that this Court find in their favor and against Plaintiffs on Count IV and award Defendants their

costs, and that it take such further action relief as this Court deems just and appropriate.

**COUNT V**
**(Retaliation in Violation of the FLSA - CARLOS & ARMANDO)**

60.    The plaintiffs, CARLOS and ARMANDO, hereby re-allege the foregoing allegations.

**ANSWER:**

Defendants restate and incorporate by reference their answers to Paragraphs 1 through 59.


61.    The Defendants had no legitimate or lawful reason to fire CARLOS, and fired him

in retaliation for making the complaints described above.

**ANSWER:**

Defendants deny the allegations of Paragraph 61, and specifically deny both that Carlos made

complaints and that Defendants terminated his employment or otherwise retaliated against him.


62.    The Defendants had no legitimate or lawful reason to fire ARMANDO, and fired him

in retaliation for making the complaints described above.

**ANSWER:**

Defendants deny the allegations of Paragraph 62, and specifically deny both that Armando

made complaints and that Defendants terminated his employment or otherwise retaliated against him.

63.    CARLOS and ARMANDO's complaints, described above, constituted protected activity under Section 215(a)(3) of the FLSA.

**ANSWER:**

Defendants deny the allegations of Paragraph 63 and specifically deny that Carlos and Armando made complaints constituting protected activity under the FLSA or otherwise retaliated against him.

64.    The Defendants violated the FLSA by firing CARLOS and ARMANDO in retaliation for their having made the complaints described above.

**ANSWER:**

Defendants deny the allegations of Paragraph 64, and specifically deny both that Carlos Armando made complaints and that Defendants terminated their employment or otherwise retaliated against him.

65.    CARLOS and ARMANDO were damaged as a direct and proximate result of the Defendants' actions in that they suffered and continue to suffer pecuniary loss, severe emotional trauma and humiliation, and are subject to ongoing economic duress.

**ANSWER:**

Defendants deny the allegations of Paragraph 65.

WHEREFORE, Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz and Mario Ortiz pray that this Court find in their favor and against Plaintiffs on Count V and award Defendants their costs, and that it take such further action relief as this Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE (Applicable To Counts I and III)**

Plaintiffs and similarly situated employees were and are employed in "agriculture" as defined by Section 203(f) of the FLSA, 29 U.S.C. § 203(f).  As such, Defendants did not violate the FLSA by failing to pay overtime compensation to Plaintiffs and similarly situated employees.

**SECOND AFFIRMATIVE DEFENSE (Applicable to Counts II and III)**

With respect to Plaintiffs and similarly situated employees, Defendants are employers of agricultural labor within the meaning of Section 4a(2)(C) of the IMWL, 820 ILCS 105/4a(2)(C).  As such, Defendants did not violate the IMWL by failing to pay overtime compensation to Plaintiffs and similarly situated employees.

**THIRD AFFIRMATIVE DEFENSE (Applicable to Counts I though III)**

Bella structured its payment method for Plaintiffs and similarly situated employees upon a good faith and reasonable reliance upon the FLSA, the IMWL, the IWPCA and applicable regulations promulgated under each of those statutes.

**FOURTH AFFIRMATIVE DEFENSE (Applicable to Count V only)**

Upon information and belief, Plaintiffs Carlos Martinez and Armando Celestino are undocumented non-citizens who are not authorized to be employed within the United States.

**FIFTH AFFIRMATIVE DEFENSE (Applicable To Counts Vonly)**

Upon information and belief, Plaintiffs Carlos Martinez and Armando Celestino have failed to mitigate the damage caused from their alleged "termination."

WHEREFORE, Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz and Mario Ortiz pray that this Court find in their favor and against Plaintiffs on all Counts of the Complaint and

award Defendants their costs, and that it take such further action relief as this Court deems just and appropriate.

Respectfully submitted,

**BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ, and MARIO ORTIZ**

_____ /s/ Seth D. Matus _____

_____One of their Attorneys

Norman T. Finkel
Seth D. Matus
Schoenberg Finkel Newman & Rosenberg, LLC
222 S. Riverside Plaza
Suite 2100
Chicago, Illinois 60606
(312) 648-2300

23

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS MARTINEZ, FRANCISCA MARTINEZ, ARMANDO CELESTINO, JUAN CASTILLO, and SILVINA MARQUEZ, on behalf of themselves and all other employees similarly situated, known and unknown, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 1493 |
| BELLA FLOWERS & GREENHOUSE, INC., an Illinois corporation, RAMON ORTIZ, individually, and MARIO ORTIZ, individually, | ) ) ) ) ) | The Honorable George W. Lindberg Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

## NOTICE OF FILING

To:   Roy P. Amatore and Paul Luka        John Billhorn
      Amatore & Associates, P.C.          Billhorn Law Firm
      120 S. State Street, Suite 400       515 N. State Street, Suite 2200
      Chicago, IL 60603                   Chicago, IL 60610

PLEASE TAKE NOTICE that on the 30th day of April, 2008, we filed Defendants' Answer to Counts I through V of Complaint with the Clerk of the United States District Court, 219 S. Dearborn Street, Chicago, IL 60604, a copy of which is attached and hereby served upon you.

## CERTIFICATE OF SERVICE

I, Seth D. Matus, an attorney, certify that I caused a copy of this Notice and Answer to be served on the above-named attorney via electronic transmission on April 30, 2008

                                              /s/ Seth D. Matus
                                              Seth D. Matus

SCHOENBERG, FINKEL, NEWMAN & ROSENBERG, LLC.
222 S. Riverside Plaza, Ste. 2100
Chicago, IL  60606
(312) 648-2300