IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS MARTINEZ, FRANCISCA MARTINEZ, ARMANDO CELESTINO, JUAN CASTILLO, and SILVINA MARQUEZ, on behalf of themselves and all other employees similarly situated, known and unknown, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 08 C 1493 |
| BELLA FLOWERS & GREENHOUSE, INC., an Illinois corporation, RAMON ORTIZ, individually, and MARIO ORTIZ, individually, | ) ) ) ) ) ) | The Honorable George W. Lindberg  Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS VI AND VII AND CLAIM FOR ATTORNEYS' FEES IN COUNT III OF COMPLAINT**

Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz, and Mario Ortiz, by and through their attorneys, Schoenberg, Finkel, Newman & Rosenberg, LLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as their Motion to Dismiss Counts VI and VII and Claim for Attorneys' Fees in Count III of the Complaint herein, state as follows:

**INTRODUCTION**

Plaintiffs have filed a seven-count Complaint (*hereinafter*, the "Complaint") against Bella Flowers & Greenhouse, Inc. (*hereinafter* "Bella"), their current or former employer, as well as against Ramon Ortiz and Mario Ortiz, each of whom is an employee of Bella. Counts I through IV of the Complaint allege that Defendants failed to pay Plaintiffs and other purportedly similarly situated employees both overtime compensation and the applicable minimum wage for certain hours

of work, allegedly in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (*hereinafter*, the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, (*hereinafter*, the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* and Illinois common law. In Counts V through VII of the Complaint, Plaintiffs allege that Plaintiffs Carlos Martinez (*hereinafter,* "Carlos") and Armando Celestino (*hereinafter,* "Armando") complained to Defendants that they were not being paid overtime compensation, and that as a result of these complaints, Defendants discharged Carlos and Armando. In Defendants' Answer to Counts I through V of the Complaint, filed concurrently herewith, Defendants deny Plaintiffs' allegations.

In their effort to plead multiple overlapping causes of action against Defendants, Plaintiffs raise several claims that do not withstand legal scrutiny. Plaintiffs' claims that all of the Plaintiffs suffered retaliation as a result of the alleged termination of Carlos and Armando (Count VI) and that the alleged termination constitutes common law retaliatory discharge (Count VII) do not state recognized causes of action. Likewise, Plaintiffs' effort in Count III of the Complaint to seek attorneys fees under the Illinois Attorneys Fees in Wage Action Act (*hereinafter*, the "AFWAA"), 705 ILCS 225/1, fails because Plaintiffs failed to send the written notice that is a necessary precondition to a claim under the AFWAA. Hence, the Court should determine that the claims identified herein fail to state causes of action and it should dismiss those claims from this proceeding.

**ARGUMENT**

I. **LEGAL STANDARD TO DISMISS COUNTS OF COMPLAINT PURSUANT TO RULE 12(b)(6)**

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint

if it fails to state a claim upon which relief may be granted. Fed. R.Civ. Pro. 12(b)(6). In order to properly state a claim, a complaint must contain sufficient detail to give fair notice of the grounds for the claim and the allegations of the complaint must plausibly suggest that the defendant has more than a speculative right to relief. Equal Employment Opportunity Comm'n. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). A case should be dismissed pursuant to Rule 12(b)(6) if it is clear that the plaintiffs cannot establish any set of facts that would entitle them to the relief sought. Int'l. Medical Group, Inc. v. American Arbitration Ass'n., Inc., 312 F.3d 833, 842 (7th Cir. 2002). Dismissal of Counts VI and VII of the Complaint and Plaintiffs' AFWAA claim is appropriate because Plaintiffs cannot prove a right to relief under any of those claims.

## II.    AS PLEADED IN COUNT VI, THE PLAINTIFFS OTHER THAN CARLOS MARTINEZ AND ARMANDO CELESTINO HAVE NOT BEEN SUBJECTED TO RETALIATION

Plaintiffs' contention in Count VI that Defendants subjected each Plaintiff to retaliation in derogation of the FLSA by allegedly discharging Carlos and Armando is entirely unavailing. To state a viable retaliation claim under the FLSA, a plaintiff must allege that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse action by her employer or former employer; and (3) a causal connection exists between the protected expression and adverse action. Beltran v. Brentwood North Healthcare Center, LLC, 426 F.Supp. 827, 833 (N.D. Ill. 2006). Protected activity under the FLSA requires at least an informal, internal complaint. Ergo v. Int'l. Merchant Services, Inc., 519 F.Supp.2d 765, 778 (N.D. Ill. 2007). In order for an employer's actions to constitute "adverse action", they must be actions that would have been materially adverse to a reasonable employee. Ergo, 519 F.Supp.2d at 779. Count VI fails to plead any of the elements needed to establish retaliation under the FLSA.

In Count VI of the Complaint, Plaintiffs allege that Carlos and Armando approached Defendants as "emissaries" of the other Plaintiffs, that the purported discharge was meant to "send a message to the remaining Plaintiffs and the Plaintiff class" and that all of the Plaintiffs were harmed by the purported discharge because their effort to halt the alleged wage violations were thereby silenced. (See Complaint, ¶¶ 67, 69, and 70). Count VI does not allege that any of the Plaintiffs other than Carlos and Armando made any form of complaint whatsoever, nor does it aver that Defendants took any actions against any of the Plaintiffs other than Carlos and Armando. Hence, Plaintiffs Francisca Martinez, Juan Castillo and Silvina Marquez fall woefully short of properly pleading a claim for retaliation.

The retaliation claim is not saved by Plaintiffs' averments that Carlos and Armando were the agents of the other Plaintiffs and that the Plaintiffs were intimidated into silence as a result of the purported termination of Carlos and Armando. In order to have a valid retaliation claim, an employee must demonstrate that the employer was aware of their complaint -- plaintiffs may not claim protection based on unexpressed viewpoints or unuttered thoughts. See, e.g. Bernier v. Morningstar, Inc., 495 F.3d 369, 376 (7th Cir. 2007); Wersing v. Thompson, 423 F.3d 732, 753 (7th Cir. 2005). Here, Plaintiffs do not allege that Carlos and Armando notified Defendants that they were speaking for other employees, nor that Carlos and Armando identified the other Plaintiffs in any fashion during the alleged conversation with Defendants. Accordingly, none of the Plaintiffs apart from Carlos and Armando can demonstrate that they took action protected by the FLSA. Likewise, in order to successfully plead a retaliation claim, a plaintiff must be able to show some action on the employer's part that caused him or her real harm. Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901-902 (7th Cir. 2003) (noting that termination, a less distinguished title, a

material loss of benefits, significantly diminished job responsibilities and the like constitute adverse action, while a denial of a back brace, enforcement of existing rules, or unfair performance reviews without tangible consequence is not adverse action).  The alleged intimidation suffered by the plaintiffs apart from Carlos and Armando was not the result of any action whatsoever taken by Bella against those plaintiffs   Count VI contains no accusation that Defendants took any actions of any type against any of the Plaintiffs aside from Carlos and Armando.  Accordingly, the Court should find that Plaintiffs Francisca Martinez, Juan Castillo and Silvina Marquez have not stated a claim of FLSA retaliation and it should dismiss Count VI of the Complaint with prejudice.[1]

### III.    THE COMMON LAW RETALIATORY DISCHARGE CLAIM PLEADED IN COUNT VII IS NOT A RECOGNIZED CAUSE OF ACTION

The claim by Carlos and Armando that their alleged discharge constitutes common law retaliatory discharge (Count VII) is wholly without merit.  Carlos and Armando claim that they complained about Defendants' alleged violation of the FLSA and the IMWL and that Defendants violated a clear mandate of public policy by discharging them. (Complaint, ¶¶ 73, 75).  The tort of retaliatory discharge is a limited and narrow exception to the general rule that an at-will employee is terminable at any time for any or no cause, and Illinois courts have consistently refused to expand the tort to encompass private and individual grievances.  Geary v. Telular Corp., 793 N.E.2d 128, 133-134 (1st Dist. 2003).  In that regard, the Northern District has found that Illinois common law does not provide a retaliatory discharge remedy to plaintiffs who were discharged after complaining of alleged violations of the FLSA and the IMWL.  See Wilke v. Salamone, 404 F.Supp.2d 1040,

---

[1] For purposes of this Motion, Defendants acknowledge that Carlos and Armando have sufficiently pleaded a claim for FLSA retaliation.  However, these two plaintiffs already assert FLSA retaliation in Count V, and for them, Count VI is merely duplicative.  Thus, Count VI should be dismissed as to all plaintiffs.

1050 (N.D. Ill. 2005); Cichon v. Exelon Generating Co., 2002 U.S. Dist. LEXIS 21228, * 7, 8 (N.D. Ill, 10/31/02), attached hereto as Exhibit 1.[2]  Hence, Count VII of the Complaint should also be dismissed with prejudice.

### IV.  IN DEROGATION OF THE AFWAA, PLAINTIFFS HAVE NOT PLEADED IN COUNT III THAT THEY SENT WRITTEN DEMAND TO DEFENDANTS BEFORE COMMENCING THIS LAWSUIT

Plaintiffs' prayer in Count III to recover attorneys' fees under the AFWAA is insufficient to state a claim under the AFWAA.  The AFWAA conditions recovery of attorneys fees upon (1) the plaintiff (or his or her attorney) making a written demand for wages at least three days before a lawsuit is filed; and (2) the written demand claiming an amount due and owing that is no more than the amount recovered in the lawsuit.  See 705 ILCS 225/1.  As there is no common law right for successful litigants to recover attorneys fees, the AFWAA is to be strictly construed.  Catania v. Local 4250/5050 of Communication Workers of America, 834 N.E.2d 966, 974 (1st Dist. 2005). Plaintiffs nowhere in their Complaint plead that they made a written demand for wages at any time. In the absence of such an averment, Plaintiffs' claim under the AFWAA fails.

### CONCLUSION

For the foregoing reasons, Defendants Bella Flowers & Greenhouse, Inc., Ramon Ortiz and Mario Ortiz respectfully request that this Honorable Court grant their Motion to Dismiss Counts VI and VII and Claim for Attorneys' Fees in Count III of the Complaint, that it dismiss Counts VI and VII and Plaintiffs' claims under the AFWAA with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that it take such further action as is just and appropriate.

---

[2] Defendants' counsel recognizes that this Court's Standing Order requires unreported cases to be cited to Westlaw.  Since Defendants' counsel does not have a Westlaw account, he is attaching the unreported decision cited in this Motion as an exhibit.

        Respectfully submitted,

**BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ, and MARIO ORTIZ**

        /s/ Seth D. Matus
        One of their Attorneys

Norman T. Finkel
Seth D. Matus
Schoenberg Finkel Newman & Rosenberg, LLC
222 S. Riverside Plaza
Suite 2100
Chicago, Illinois 60606
(312) 648-2300

2 of 100 DOCUMENTS

MICHAEL C. CICHON, Plaintiff, vs. EXELON GENERATION CO., Defendant.

02 C 3441

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

*2002 U.S. Dist. LEXIS 21228*

October 31, 2002, Decided
November 1, 2002, Docketed

**DISPOSITION:** [*1] Motion to dismiss granted in part and denied in part.

**COUNSEL:** For MICHAEL C CICHON, plaintiff: Jennifer Kay Soule, Soule, Bradtke & Lambert, Chicago, IL.

For MICHAEL C CICHON, plaintiff: Robert C. Seldon, Project On Liberty and the Workplace, Washington, DC.

For EXELON GENERATION CO, defendant: Kari Ann Krolikowski, Exelon Business Services Company, Chicago, IL.

For EXELON GENERATION CO, defendant: Douglas Alan Graham, Chicago, IL.

**JUDGES:** Charles P. Kocoras, Chief Judge, United States District Court.

**OPINION BY:** Charles P. Kocoras

**OPINION**

MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Exelon Generation Company's ("Exelon Generation") *Rule 12(b)(1)* and *(6)* motion to dismiss. For the reasons set forth below we grant the motion in part and deny it in part.

BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the Complaint as true and draw all reasonable inferences in a light most favorable to Plaintiff Michael Cichon. *See Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993)*. [*2] Exelon Generation is a producer and wholesaler of energy that owns and operates five nuclear power stations in Illinois. Since February of 1998 until the events which gaverise to this action, Mr. Cichon was an Operations and Unit Supervisor at Exelon Generation's Byron Nuclear Power Station in Byron, Illinois. On at least six occasions, Exelon Generation issued written commendations or cash awards to Mr. Cichon in recognition of his outstanding performance as Operations and Unit Supervisor. Exelon Generation named Mr. Cichon one of Byron Nuclear Power Station's Top Performing employees in 1999.

Prior to January 2000 Exelon Generation paid Mr. Cichon time-and-a-half for all hours worked in excess of forty per week. In January 2000 Exelon Generation determined that Mr. Cichon and nearly all of middle management were exempt from the Fair Labor Standards Act, *29 U.S.C. §§ 201 et seq.* ("FLSA"), and the Illinois Minimum Wage Law, *820 ILCS 105/1 et seq.* ("IMWL"). Accordingly, it changed its overtime-pay policy to the detriment of Mr. Cichon and most of middle management. Mr. Cichon repeatedly advised Exelon Generation that he objected to Exelon Generation's [*3] new overtime-pay policy. Moreover, Mr. Cichon organized and initiated a class action naming himself and four coworkers as plaintiffs against their employer's parent corporation, Exelon Corporation. The class action, entitled *Robert N. Myers, et al. v. Exelon Corporation*, No. 01 C 7399, was filed in this district on September 25, 2001. The action was filed under the FLSA and the IMWL on behalf of all categories of employees at all of Exelon Generation's five nuclear power stations.

On October 23, 2001, Exelon Generation gave Mr. Cichon sixty days to find another position in Exelon Generation's employ before being terminated and suggested that he apply for positions outside of the Byron Nuclear Power Station. On December 24, 2001, Mr. Cichon accepted a lower paying position at Commonwealth Edison Company ("ComEd"), another subsidiary of Exelon Corporation. It is Mr. Cichon's position that he

EXHIBIT 1

was discharged in violation of the FLSA and Illinois common law. On May 14, 2002, he filed the present action naming only himself as plaintiff. The present action is based on facts occurring after the initiation of the class action. Mr. Cichon now complains of being fired in retaliation for [*4] his vocal and legal opposition to Exelon Generation's new overtime-pay policy. Count I of the complaint (the "Complaint") is for retaliation in violation of the FLSA. Count II is for retaliatory discharge in violation of Illinois common law.

The class action has since been dismissed with prejudice.

LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). [*5] With these principles in mind, we now address the motion before us.

DISCUSSION

I. Fair Labor Standards Act

Exelon Generation moves to dismiss the FLSA retaliation claim under *Rule 12(b)(1) of the Federal Rules of Civil Procedure* for lack of subject matter jurisdiction. Exelon Generation fails to state why this court lacks subject matter jurisdiction. Rather Exelon Generation implies that we lack subject matter jurisdiction because another action (the class action) is already pending that involves the same underlying factual circumstances. That case has since been dismissed. The *Rule 12(b)(1)* motion is, accordingly, denied.

II. Illinois Common Law Retaliatory Discharge

Exelon Generation moves to dismiss the retaliatory discharge claim under *Rule 12(b)(6) of the Federal Rules of Civil Procedure* for failing to state a claim upon which relief can be granted. Exelon Generation states that a cause of action for retaliatory discharge is unavailable to a plaintiff who has a remedy under the FLSA. We agree.

Retaliatory discharge was first recognized as a cause of action in Illinois in *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 384 N.E.2d 353, 23 Ill. Dec. 559 (Ill. 1978). [*6] *Jarmoc v. Consolidated Elec. Distribs.*, 1992 U.S. Dist. LEXIS 12717, 1992 WL 211511, *1 (N.D. Ill. 1992). In recognizing it, "the Illinois Supreme Court sought to promote the goal of providing an otherwise remediless employee with an effective remedy against an employer who had discharged him or her in contravention of the state's public policy." *Id* (citing *Driveaway and Truckaway Serv. v. Aaron Driveaway & Truckaway Co.*, 781 F. Supp. 548, 552 (N.D. Ill. 1991)).

In *Jarmoc*, a former employee brought a three-count complaint against her former employer for retaliatory discharge, violating the FLSA, and violating the IMWL. *Jarmoc*, 1992 U.S. Dist. LEXIS 12717, 1992 WL 211511 at *1. The employer moved to dismiss the retaliatory discharge claim on the grounds that the FLSA already provided plaintiff with a remedy sufficient to vindicate Illinois' public policy. *Id*. This court granted the motion stating:

> It is apparent from the cases that [Illinois] courts have recognized a claim for retaliatory discharge where the otherwise available remedies would not serve as an effective deterrent to future employer misconduct. Therefore, defendant's motion to dismiss the common law retaliatory [*7] discharge claim should be decided on whether the alternate remedy, the FLSA, effectively deters retaliatory discharge. *It is this court's opinion that it does.*

1992 U.S. Dist. LEXIS 12717, [WL] at *2 (emphasis added).

Despite that it is directly on point, Mr. Cichon urges us to disavow the holding in *Jarmoc*. All Mr. Cichon offers in support of its attempt to escape the holding in *Jarmoc* is case law that pre-dates *Jarmoc* and additional case law that is inapplicable. With respect to the pre-*Jarmoc* cases, we first note the obvious: these cases were available to this court at the time it issued *Jarmoc*. Additionally, none of the pre-*Jarmoc* cases on which Mr. Cichon relies dealt with the issue at hand: whether or not Illinois common law provides a retaliatory discharge claim to a plaintiff that has a remedy under the FLSA. *See* Plaintiff's Opposition at 11 (citing *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 601 N.E.2d 720, 176 Ill. Dec. 22 (Ill. 1992); *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526, 519 N.E.2d 909, 116 Ill. Dec. 694 (Ill. 1988); *Boyles v. Greater Peoria Mass Transit Dist.*, 113 Ill. 2d 545, 499 N.E.2d 435, 101 Ill. Dec. 847 (Ill. 1986); [*8] *Midgett v. Sackett-Chicago, Inc.*, 105 Ill. 2d 143,

*473 N.E.2d 1280, 85 Ill. Dec. 475 (Ill. 1984)*)(all involving retaliatory discharge claims but not the Fair Labor Standards Act)). One of these cases, namely *Midgett*, was even explicitly examined in *Jarmoc*. *See Jarmoc, 1992 U.S. Dist. LEXIS 12717, 1992 WL 211511* at *2 (citing *Midgett, 105 Ill. 2d 143, 473 N.E.2d 1280, 85 Ill. Dec. 475*).

With respect to the additional cases that Mr. Cichon cites, they address the wrong legal issue. Mr. Cichon cites these cases to support his irrelevant argument that the FLSA does not preempt a state cause of action for retaliatory discharge. *See* Plaintiff's Opposition at 11-12 ("The Illinois Supreme Court has definitively held 'that claims for retaliatory discharge are *not* generally preempted by Federal law . . .'") (citations omitted). Preemption is not the issue. *Jarmoc* makes no mention of preemption. *Jarmoc, 1992 U.S. Dist. LEXIS 12717, 1992 WL 211511*. Rather, *Jarmoc* holds that Illinois common law does not provide for a retaliatory discharge cause of action where an alternative remedy (specifically that under the FLSA) provides effective deterrence to the complained-of conduct. *1992 U.S. Dist. LEXIS 12717*, [WL] at *2.

CONCLUSION

[*9] Based on the foregoing analysis, we grant the motion to dismiss in part and deny it in part. Count II of the Complaint is dismissed with prejudice.

Charles P. Kocoras

Chief Judge

United States District Court

Dated: October 31, 2002