## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1493 | **DATE** | 6/24/2008 |
| **CASE TITLE** | Carlos Martinez, et al. vs. Bella Flowers & Greenhouse, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss Counts VI and VII and claim for attorneys' fees in Count III of complaint [21] is granted. Count VII is dismissed. Except for the claims of plaintiffs Carlos Martinez and Armando Celestino, Count VI is dismissed. The claim for attorneys' fees in Count III is dismissed.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Count VII purports to allege a claim for retaliatory discharge under Illinois common law. The claim is that discharging plaintiffs Carlos Martinez (Carlos) and Armando Celestino (Armando) for complaining that defendants were violating the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law "violated a clear mandate of public policy" and accordingly may be the basis of a retaliatory discharge claim.

Illinois courts have recognized a cause of action for retaliatory discharge in two situations: (1) where the discharge stems from asserting a worker's compensation claim and (2) where the discharge is for "whistle-blowing" activities. Sutherland v Norfolk Southern Railway Co., 826 NE2d 1021, 1026-27 (Ill App 2005). The complaint alleges Carlos and Armando were whistleblowers. However, for the whistleblower form of the tort to apply, the reported wrongful conduct or unsafe condition must have affected the health, safety or welfare of Illinois residents as a whole. Sutherland v Norfolk Southern Railway Co., 826 NE2d 1021, 1027 (Ill App 2005). In view of the very narrow construction the Illinois Supreme Court has placed on the tort of retaliatory discharge, it is extremely unlikely that the cause of action would be construed to encompass the conduct complained of in the case at bar. Accordingly, Count VII is dismissed for failure to state a claim. FRCP 12(b)(6).

The attorneys' fees claim in Count III is under the Illinois Attorneys Fees in Wage Action Act (AFWAA), which requires that plaintiff make a written demand for wages at least three days before the filing of a lawsuit and that the written demand claim an amount due and owing that is no more than the amount

| | Courtroom Deputy | slb |
|---|---|---|

| STATEMENT |
|---|

recovered in the lawsuit. See 705 ILCS 225/1. Plaintiffs admittedly made no such demand, but claim they should be excused from the requirement because they were fearful of the consequences of requesting the information on which such a demand would be premised after the discharge of plaintiffs Carlos and Armando. Plaintiffs have provided the court with no authority that would authorize excusing them from the requirements of the AFWAA under these circumstances. Accordingly, the attorneys' fees claim of Count III is dismissed for failure to state a claim.

     Count VI makes claims for retaliation under the FLSA. As to Count VI, defendants seek dismissal of the claims of all plaintiffs except plaintiffs Carlos and Armando because they have not pled they were retaliated against. The complaint essentially alleges that defendants were paying plaintiffs less in wages than the FLSA allowed, that plaintiffs Carlos and Armando complained about this on behalf of all plaintiffs and were discharged. Plaintiffs claim that because of what happened to plaintiffs Carlos and Armando, the other plaintiffs were fearful of the consequences to them if they complained, so they continued to work for substandard wages. This does not, however, state any retaliation against those other plaintiffs. They were being paid the allegedly substandard wages before the complaint, so those substandard wages were not retaliation for the complaint. And plaintiffs point to nothing else that could even remotely be construed to support a claim under the FLSA for retaliation. Accordingly, except for the claims of plaintiffs Carlos and Armando, Count VI is dismissed for failure to state a claim.