IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, and **NIEVES LOPEZ GINES**, and **SILVINA MARQUEZ**, on behalf of themselves and all other employees similarly situated, known and unknown, | CIVIL ACTION |
| Plaintiffs, | No. 08 CV 1493 |
| v. | Hon. Jeffrey Cole |
| **BELLA FLOWERS & GREENHOUSE, INC.**, an Illinois corporation**, RAMON ORTIZ**, individually, and **MARIO ORTIZ**, individually, | |
| Defendants. | JURY DEMAND |

## AMENDED COMPLAINT

NOW COME the plaintiffs, **CARLOS MARTINEZ** ("CARLOS"), **FRANCISCA MARTINEZ** ("FRANCISCA"), **ARMANDO CELESTINO** ("ARMANDO"), **JUAN CASTILLO** ("JUAN"), **NIEVES LOPEZ GINES** ("NIEVES"), and **SILVINA MARQUEZ** ("SILVINA"), on behalf of themselves and all other employees similarly situated, known and unknown, (collectively, the "Plaintiffs"), by and through their attorneys of record, complaining of the defendants, **BELLA FLOWERS & GREENHOUSE, INC.** ("BELLA FLOWERS"), an Illinois corporation**, RAMON ORTIZ** ("RAMON"), individually, and **MARIO ORTIZ** ("MARIO"), individually (collectively the "Defendants"), and pleading hypothetically and in the alternative, allege as follows:

## I.  INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiffs, and to other employees of the Defendants who were paid an hourly wage (the "Plaintiff Class"). The Plaintiffs and the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours as the FLSA requires. In Count I, the Plaintiffs bring wage and hour claims pursuant to Section 216(b) of the FLSA.

2. In Counts II and III, the Plaintiffs bring supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*. The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II.  THE PARTIES

3. The Plaintiffs are individuals domiciled in the State of Illinois, and reside within this judicial district.

4. The plaintiff, NIEVES, was not a named plaintiff in the originally filed complaint. By agreement of the parties, in return for certain concessions by the Plaintiffs, any statute or statutes of limitation applicable to NIEVES's claims set forth herein is/are tolled by the number of days between the filing of the original complaint and this amended complaint (inclusive). In other words, the parties intend the result to be the same as if NIEVES had been named in the original complaint filed on March 12, 2008 as were the plaintiffs, CARLOS, FRANCISCA, ARMANDO, JUAN, and SILVINA.

5.  The defendant, RAMON, is an individual domiciled in Illinois who, upon information and belief, resides within this judicial district.

6.  The defendant, MARIO, is an individual domiciled in Illinois who, upon information and belief, resides within this judicial district.

7.  The defendant, BELLA FLOWERS, is an Illinois corporation whose registered office is located at 133 Fuller Road, Hinsdale, IL 60521.

8.  RAMON is the president of BELLA FLOWERS.

9.  Upon information and belief, at all times relevant to this action, RAMON held/holds an ownership interest in BELLA FLOWERS.

10. Upon information and belief, at all times relevant to this action, RAMON exercised/exercises control over significant aspects of BELLA FLOWERS' day-to-day operations.

11. MARIO is the corporate secretary of BELLA FLOWERS.

12. Upon information and belief, at all times relevant to this action, MARIO held/holds an ownership interest in BELLA FLOWERS.

13. Upon information and belief, at all times relevant to this action, MARIO exercised/exercises control over significant aspects of BELLA FLOWERS' day-to-day operations.

### III. JURISDICTION AND VENUE

14. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

15. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

16. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

17. Further, venue is proper pursuant to 28 U.S.C. § 1391, as the defendant corporation, BELLA FLOWERS, is an Illinois Corporation whose registered office is located at 133 Fuller Road, Hinsdale, IL 60521, in Cook County, within this judicial district.

### IV. STATUTORY CONSENT

18. The Plaintiffs bring this case as a collective action under the FLSA on behalf of themselves and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiffs have given written consent to bring such an action.

19. Notices of Consent for the plaintiffs, CARLOS, FRANCISCA, ARMANDO, JUAN, and SILVINA, were attached and incorporated into the original complaint [Doc. 1], and they are likewise incorporated here by reference. The Notice of Consent for the plaintiff, NIEVES, is attached hereto and incorporated herein by reference as **Exhibit A**.

### V. GENERAL ALLEGATIONS

20. At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiffs' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

21. At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiffs' "employer", within the

meaning of Section 3(c) of the IMWL in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

22. At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, operated, controlled, and/or constituted an enterprise within the meaning of Section 3(r) of the FLSA (the "Enterprise"), which Enterprise ran or controlled at least two establishments within this judicial district, to wit:

   a. Bella Flowers & Greenhouse, 7117 S. Roberts Road, Bridgeview, IL 60455; and

   b. Bella Flowers Greenhouses & Garden Center, 24324 W. Bluff Road, Channahon, IL 60410.

23. The Enterprise may operate, and may have operated, additional establishments in this judicial district.

24. One or more of the Defendants continue to operate the Enterprise to this day.

25. The Plaintiffs and the Plaintiff Class were routinely traded amongst the several establishments controlled by and/or constituting said enterprise, including those establishments at the locations listed above, indicating common control of the several establishments.

26. At all times relevant to this action, the Plaintiffs and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

27. At all times relevant to this action, the Plaintiffs were "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

28. During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class handled goods that moved in interstate commerce including but not limited to plants, plant material, soils, chemical fertilizers and pesticides.

29. During the course of their employment by the Defendants, the Plaintiff Class handled goods that moved in interstate commerce including but not limited to plants and plant material.

30. At all times relevant to this action, the Defendants, and/or an enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

31. During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were/are paid and hourly wage and were/are not exempt from the overtime wage and minimum wage provisions of the FLSA.

32. During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were/are paid an hourly wage and were/are not exempt from the overtime wage and minimum wage provisions of the IMWL.

33. During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were paid wages at various hourly rates.

34. However, as a matter of practice and policy, the Defendants listed on each respective pay stub approximately one half the number of hours the Plaintiffs and the Plaintiff Class actually worked in each respective week.

35. Additionally, as a matter of practice and policy, the Defendants listed on each respective pay stub approximately double the hourly rate at which the Plaintiffs and the Plaintiff Class were actually paid in each respective week (where the "hourly rate" is based

on the total amount of compensation actually paid divided by the total number of hours actually worked).

36. For example, the Plaintiffs and the Plaintiff Class might *actually* work 70 hours in a given week but in that given week their respective pay stubs would *indicate* that they only worked 35 hours.

37. Further, as an example, where an employee plaintiff's pay stub might indicate s/he worked 35 hours at the hourly rate of $10.00 – with a gross payment of $350.00 – the actual hourly rate would be $5.00. As indicated above, this would be based on dividing $350.00 (the total amount of compensation paid) by 70 (the total number of hours actually worked).

38. The scheme described above is elaborate and complex, and could not be the result of error or inadvertence.

39. The scheme described above was utilized by the Defendants in order to circumvent the provisions of the FLSA and/or the IMWL – specifically in order to avoid paying overtime compensation.

40. The Defendants utilized the scheme described above continuously going back at least as far as March, 2001, indicating that the scheme was organized, intentional and ongoing.

41. Thus as described above, as a matter of practice and policy, the Defendants intentionally failed to pay the Plaintiffs and the Plaintiff Class proper overtime compensation as required by the FLSA and/or the IMWL, in that the result of the described payroll practices was that the Plaintiffs and the Plaintiff Class were regularly paid at the

straight rate (rather than the required time-and-one-half overtime rate) for the hours they worked in excess of 40 in each typical given workweek.

## COUNT I
### (Violation of the FLSA)

42. The Plaintiffs hereby re-allege the foregoing allegations.

43. The Defendants violated the FLSA by:

   a. failing to pay the Plaintiffs and the Plaintiff Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

   b. failing to pay the Plaintiffs and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

44. The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, **NIEVES LOPEZ GINES**, and **SILVINA MARQUEZ**, on behalf of themselves and all other employees similarly situated, known and unknown, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC.**, **RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

   A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the FLSA's mandatory minimum rate;

   B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate (in no case could

the regular rate be less than the IMWL's applicable mandatory minimum rate) at which the plaintiffs were employed;

C. statutory liquidated damages as allowed by the FLSA;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection;

F. an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from March 12, 2005 through the present;

G. an order authorizing the Plaintiffs to provide notice of this action to the Plaintiff Class in a form substantially similar to that which was attached to the originally filed complaint [Doc. 1, Exhibit B];

H. an order authorizing the Plaintiffs to mail "opt-in" consent forms to the Plaintiff Class in a form substantially similar to that which was attached to the originally filed complaint [Doc. 1, Exhibit C]; and

I. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

45. The Plaintiffs hereby re-allege the foregoing allegations.

46. The Defendants violated the IMWL by:

   a. failing to pay the plaintiffs for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate; and

   b. failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed.

47. The Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, **NIEVES LOPEZ GINES**, and **SILVINA MARQUEZ**, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the IMWL's mandatory minimum rate;

B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate (in no case could the regular rate be less than the IMWL's applicable mandatory minimum rate) at which the plaintiffs were employed;

C. statutory punitive damages as allowed by the IMWL;

D. interest on all amounts awarded;

E. costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT III
### (Violation of the IWPCA)

48. The Plaintiffs hereby re-allege the foregoing allegations.

49. The Defendants violated the IWPCA by:

   a. Failing to pay the plaintiffs for certain regular hours at a rate equal to or greater than the IMWL's mandatory minimum rate;

   b. failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed;

      c. failing to pay the plaintiffs certain wages either weekly or biweekly; and/or

      d. failing to pay the plaintiffs certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, **NIEVES LOPEZ GINES**, and **SILVINA MARQUEZ**, pray for judgment in their favor and against the defendants, **BELLA FLOWERS & GREENHOUSE, INC., RAMON ORTIZ**, and **MARIO ORTIZ**, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the IMWL's mandatory minimum rate;

    B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate (in no case could the regular rate be less than the IMWL's applicable mandatory minimum rate) at which they were employed;

    C. interest on all amounts awarded;

    D. costs of suit and collection; and

    E. such further relief as may be fair and just in the premises.

## JURY DEMAND

NOW COME the Plaintiffs, **CARLOS MARTINEZ**, **FRANCISCA MARTINEZ**, **ARMANDO CELESTINO**, **JUAN CASTILLO**, **NIEVES LOPEZ GINES**, and **SILVINA MARQUEZ**, on behalf of themselves and all other employees similarly situated, known and unknown, by and through their attorneys of record, and hereby demand trial by jury of all issues set forth herein.

                                                Respectfully submitted,

                                                /s/Paul Luka
                                                PAUL LUKA – ARDC #6288860

| | |
|---|---|
| John W. Billhorn<br>BILLHORN LAW FIRM<br>515 N. State Street / Suite 2200<br>Chicago, IL 60610 | Roy P. Amatore, Esq.<br>Paul Luka, Esq.<br>AMATORE & ASSOCIATES, P.C.<br>120 S. State Street · Suite 400<br>Chicago, IL 60603<br>312.236.9825 (tel.)<br>312.236.9826 (fax) |

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue HER claims for unpaid wages, and other relief, against BELLA FLOWERS & GREENHOUSE, RAMON ORTIZ, MARIO ORTIZ and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of HERSELF and all other similarly situated employees, known and unknown.

X Nieves Lopez Gines